IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICKI STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:16-cv-3501 |
| | ) |
| KITTLE'S HOME FURNISHING, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Vicki Stewart, for her complaint against Defendant, Kittle's Home Furnishing, Inc., states the following:

### I. Parties

1. Plaintiff, Ms. Stewart, is a resident of Marion County, Indiana.

2. Defendant, Kittle's Home Furnishing, Inc., is a business doing business in Marion County, Indiana.

### II. Jurisdiction and Venue

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under the ADA and its amendments.

4. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant's doing business in this District.

### III.  Factual Allegations

5. Plaintiff began working for Defendant on April 10, 2015.

6. Defendant hired Plaintiff as a Sales Associate.

7. Plaintiff is disabled.

8. Plaintiff has arthritis.

9. Due to her arthritis, Plaintiff had trouble walking and standing while working for Defendant.

10. Defendant regarded Plaintiff as disabled.

11. In December 2015, Plaintiff gave notice to Defendant of her medical restrictions concerning walking and standing.

12. Plaintiff asked Defendant to accommodate her work restrictions.

13. Plaintiff asked Defendant if she could use a wheelchair.

14. Plaintiff asked Defendant if she could use a cane.

15. Plaintiff asked Defendant if she could use a walker.

16. Defendant refused to accommodate Plaintiff's work restrictions.

17. Defendant refused Plaintiff's request to use a wheelchair.

18. Defendant refused Plaintiff's request to use a cane.

19. Defendant refused Plaintiff's request to use a walker.

20. Defendant put Plaintiff off of work until January 3, 2016.

21. Defendant terminated Plaintiff.

22. Defendant terminated Plaintiff allegedly for attendance reasons.

23. Defendant's reason for terminating Plaintiff is pretext.

24. Plaintiff is black.

25. Defendant permitted a white, sales associate to use a walker or cane.

26. Defendant refused to accommodate Plaintiff due to her race.

27. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination due to disabilities claiming she had been regarded as disabled, wrongfully terminated, failing to engage in the interactive process, failure to accommodate, and received disparate treatment during her employment due to her disability in violations of the ADA and its amendments. Plaintiff also alleged that Defendant retaliated against her for requesting a work accommodation in violation of the ADA and its amendments.

28. Additionally, Plaintiff's Charge alleged that Defendant discriminated against her due to her race. Plaintiff alleges that Defendant discriminated against her by wrongfully terminating her, receiving disparate treatment and retaliating against her in violation of Title VII.

29. On September 29, 2016, the EEOC issued a Notice of Right to Sue to Plaintiff.

### Count I
### Violations of ADAAA

30. Plaintiff incorporates paragraphs 1 through 29 by reference herein.

31. Plaintiff was discriminated against by Defendant in violation of the ADAAA.

32. Plaintiff was wrongfully terminated by Defendant in violation of the ADAAA.

33. Defendant failed to engage in the interactive process as required by the ADAAA.

34. Defendant failed to accommodate Plaintiff as required by the ADAAA.

35. Plaintiff received disparate treatment due to her disability by the discriminatory conduct of Defendant.

36. Defendant retaliated against Plaintiff in violation of the ADAAA for requesting an accommodation.

37. Plaintiff has been damaged by Defendants' conduct.

WHEREFORE, Plaintiff prays that the Court:

A.   Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by ADAAA.

B.   Grant any and all equitable relief available to Plaintiff.

C.   Enter an order awarding Plaintiff compensatory and punitive damages.

D.   Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E.   Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

BARKER HANCOCK & COHRON


/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II
### Violations of Title VII

38.   Plaintiff incorporates paragraphs 1 through 37 by reference herein.

39.   Plaintiff was discriminated against by Defendant in violation of Title VII.

40.   Plaintiff was wrongfully terminated by Defendant in violation of Title VII.

41.   Plaintiff received disparate treatment due to her race by the discriminatory conduct of Defendant.

42   Defendant retaliated against Plaintiff in violation of Title VII for requesting an accommodation.

43.   Plaintiff has been damaged by Defendants' conduct.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by Title VII.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

BARKER HANCOCK & COHRON


/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

44. Plaintiff incorporates paragraphs 1 through 43 by reference herein.

45. Plaintiff demands a trial by jury.

Respectfully submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Attorney for Plaintiff,
Vicki Stewart

Barker Hancock & Cohron
198 South 9th Street
Noblesville, IN 46060
Tel: (317) 203-3000
E-mail: rweldy@bhclegal.com